UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORIZON LAWN MAINTENANCE, INC.

               Plaintiff,                           Case No. 14-cv-13779
                                                   Hon. Matthew F. Leitman

v.

COLUMBUS-KENWORTH, INC., d/b/a
KENWORTH OF COLUMBUS *et al.*,

               Defendants.
_____/

## OPINION AND ORDER (1) GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANT COLUMBUS-KENWORTH, INC. ON PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES UNDER THE MICHIGAN UNIFORM COMMERCIAL CODE AND (2) DIRECTING THE PARTIES TO APPEAR FOR A SETTLEMENT CONFERENCE

This action involves a garden-variety contractual dispute and a significant and unsettled question of Michigan law concerning the availability of attorneys' fees to an aggrieved buyer of goods under the Michigan Uniform Commercial Code (the "Code").

Plaintiff Horizon Lawn Maintenance, Inc. ("Horizon") purchased three trucks from Defendant Columbus-Kenworth, Inc. ("CKI"). Horizon alleges that CKI breached certain express and implied warranties related to the trucks. Horizon seeks both consequential and incidental damages under the Code, and Horizon

1

asserts that it is entitled to recover its attorneys' fees as an element of those damages.

Horizon correctly notes that two older Michigan Court of Appeals decisions – *Cady v. Dick Loehr's, Inc*., 299 N.W.2d 69 (Mich. Ct. App. 1980) and *Kelynack v. Yamaha Motor Corp.*, 394 N.W.2d 17 (Mich. Ct. App. 1986) – support its claim that attorneys' fees are recoverable under the relevant section of the Code (Mich. Comp. Laws § 440.2715).  However, the United States Courts of Appeals for the Sixth and Tenth Circuits have squarely rejected those state court decisions and have held that attorneys' fees are not available to an aggrieved buyer under the Code. *See Olbrys v. Peterson Boat Works, Inc*., 81 F.3d 161 (Table), 1996 WL 143466 (6th Cir. Mar. 28, 1996); *Webco Indus., Inc. v. Thermatool Corp*., 278 F.3d 1120 (10th Cir. 2002).  Moreover, the "overwhelming weight of authority is that attorney's fees are not recoverable" under the Code. *Nick's Auto Sales, Inc. v. Radcliff Auto Sales, Inc.*, 591 S.W.2d 709, 711 (Ky. Ct. App. 1979).

This Court agrees with the Sixth and Tenth Circuits that an aggrieved buyer may not recover attorneys' fees as an element of incidental and/or consequential damages under the Code.  Accordingly, the Court **GRANTS** summary judgment in favor of CKI with respect to Horizon's claim for attorneys' fees.

2

# I.

Horizon is a Michigan corporation that performs various outdoor maintenance tasks from its base of operations in Canton, Michigan. (*See* Sec. Am. Compl. at ¶ 1, ECF #60 at 2, Pg. ID 1036.)  CKI is an Ohio corporation that sells Kenworth trucks from its retail location in Hilliard, Ohio. (*See id.* at ¶ 2.)

In November and December of 2013, Horizon and CKI entered into contracts in which CKI agreed to sell Horizon three Kenworth trucks. (*See id.* at ¶¶ 13-14.)  The total contract price for the three trucks was $242,734.44. (*See id.* at ¶ 15.)  Horizon paid that amount to CKI, and CKI delivered all three vehicles to Horizon. (*See id.* at ¶¶ 12, 17.)

Horizon contends that the contracts required CKI to include in all three trucks a power take-off ("PTO") gear. (*See id.* at ¶ 54.)  CKI did not include those gears in the trucks, and it denies that it had any obligation to do so. (*See, e.g.*, Ans. at ¶ 43, ECF #61 at 6, Pg. ID 1080.)

At some point after CKI delivered the trucks to Horizon, Horizon discovered that the trucks did not contain PTO gears, and it complained to CKI.  (*See* Sec. Am. Compl. at ¶ 42, ECF #60 at 13, Pg. ID 1047.)  The parties attempted to resolve their dispute over the PTO gears, but they did not succeed.

On September 10, 2014, Horizon filed this action against CKI (and a number of other Defendants who have since been dismissed) in the Third Judicial Circuit

Court for the State of Michigan. (*See* ECF #1-2 at 3, Pg. ID 8.) Horizon's Complaint asserted a number of claims under Article 2 of the Code, including revocation of acceptance under Mich. Comp. Laws § 440.2608 (Count I); breach of warranty under Mich. Comp. Laws § 440.2714 (Count II); and "buyer's remedies following revocation of acceptance" under Mich. Comp. Laws §§ 440.2711 and 440.2712 (Count III). (*See* Compl. at ¶¶ 34-59, ECF #1-2 at 13-21, Pg. ID 13-26.) Horizon sought $242,734.44 in damages and an award of its "actual costs and attorneys' fees." (*Id.*, ECF #1-2 at 21-22, Pg. ID 26-27.) The Defendants timely removed the action to this Court. (ECF #1.)

Horizon has twice amended its Complaint. The current and operative version asserts several claims under the Code, including revocation of acceptance, breach of express warranty, and breach of implied warranty. (*See* Sec. Am. Compl., ECF #60 at 10, Pg. ID 1044.) The Second Amended Complaint also reasserts Horizon's claim for actual attorneys' fees. (*See id.*, ECF #60 at 24, Pg. ID 1058.) Horizon alleges that it may recover such fees as an element of the incidental and consequential damages to which it is entitled under the Code. (*See id.* at ¶ 45, ECF #60 at 13-14, Pg. ID 1047-48.)

Following discovery and an unsuccessful settlement conference, Horizon and CKI filed cross-motions for summary judgment. (*See* ECF ## 64, 65.) The cross-motions separately address (1) the merits of Horizon's claims and (2)

4

Horizon's demand for attorneys' fees. With respect to the attorneys' fees issue, CKI argues that such fees are not available as incidental and/or consequential damages under the Code; Horizon insists that they are.

The Court now decides only the portion of the cross-motions concerning the availability of attorneys' fees. The Court focuses on the fees issue at this point because that issue was the primary stumbling block to a resolution at the failed settlement conference. The Court hopes and believes that with the fees issue decided, the parties can quickly reach a sensible agreement to bring this litigation to a close.

## II.

The Court has subject matter jurisdiction over this action based upon the parties' diversity of citizenship and the amount in controversy.[1] *See* 28 U.S.C. 1332(a)(1). The Court must apply Michigan law as determined by the Michigan Supreme Court. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). But that court has not addressed the question presented here.[2] Under these circumstances, the

---

[1] In a removed action like this one, when a district court assesses its subject matter jurisdiction, it measures the amount in controversy "at the time of removal . . . ." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). At the time of removal, Horizon sought more than $240,000 in damages. (*See* Compl., ECF #1-2 at 21, Pg. ID 26.)

[2] Horizon contends that in *Davis v. Forest River, Inc.*, 774 N.W.2d 327 (Mich. 2009), the Michigan Supreme Court "upheld the trial court's granting of attorneys' fees" under the Code. (*See* Pl.'s Mot. Summ. J. at 17, ECF #65 at 25, Pg. ID

5

Court "must predict how the [Michigan Supreme Court] would rule by looking to all the available data." *Stryker Corp. v. XL Ins. Am.*, 735 F.3d 349, 360 (6th Cir. 2012) (quoting *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir.2001)).   "The sources of data which may guide [the Court's] inquiry include" analogous decisions of the Michigan Supreme Court; decisions of the Michigan Court of Appeals; "positions expressed in a restatement of law;" law review commentaries; and "decisions from other jurisdictions or the 'majority rule.'" *Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985) (citations omitted).

Published, on-point decisions issued by the Michigan Court of Appeals are especially important "data" that this Court must consider in ascertaining how the Michigan Supreme Court would rule.  *See Grantham & Mann, Inc. v. Am. Safety Prod., Inc.*, 831 F.2d 596, 609 (6th Cir. 1987).   But they are *not* conclusive on questions of Michigan law.   Indeed, the United States Supreme Court has

---

1267.)  That is not accurate.  The Michigan Supreme Court disposed of *Davis* by order (not by a reasoned opinion), and the only reference in the order to attorneys' fees is the following single sentence: "This order does not affect the trial court's award of attorney fees."  *Id*. at 327.  Moreover, in an earlier order, the Michigan Supreme Court specifically listed the issues it would consider on appeal, and it did *not* include the availability of attorneys' fees as one of those issues.  *See Davis v. Forest River*, 764 N.W.2d 278 (Mich. 2009).  Finally, the Michigan Court of Appeals decision under review in *Davis* did not involve any substantive holding concerning the availability of attorneys' fees under the Code.  *See Davis*, 748 N.W.2d 887 (Mich. Ct. App. 2008).  Under these circumstances, the Michigan Supreme Court's order in *Davis* cannot be read as expressing any opinion whatsoever concerning the availability of attorneys' fees under the Code.

6

repeatedly recognized that a federal court sitting in diversity *may* disregard a state intermediate appellate court decision if the federal court "is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v. AT&T*, 311 U.S. 223, 237 (1940); *see also C.I.R. v. Bosch's Estate*, 387 U.S. 456, 464-65 (1967); *King v. Order of United Commercial Travelers of Am.*, 333 U.S. 153, 158 (1948).

Likewise, the Sixth Circuit has long recognized and repeatedly exercised its authority to deviate from intermediate state appellate decisions when convinced that a state's highest court would disagree with the appellate court. *See, e.g.*, *Leithauser v. Hartford Fire Ins. Co.,* 124 F.2d 117, 119-20 (6th Cir. 1941) (recognizing authority); *FL Aerospace v. Aetna Casualty & Surety Co.,* 897 F.2d 214, 218-20 (6th Cir. 1990) (declining to follow a line of Michigan Court of Appeals decisions construing "sudden and accidental" discharge exclusion in insurance policy); *Swix v. Daisy Mfg. Co., Inc.,* 373 F.3d 678, 684 (6th Cir. 2004) (declining to follow a Michigan Court of Appeals decision concerning application of "open and obvious" doctrine to product defect claims); *Manwaring v. Martinez*, 527 Fed. App'x 390, 396-97 (6th Cir. 2013) (rejecting Ohio Court of Appeals decisions concerning Statute of Frauds based upon "belie[f] that the Ohio Supreme Court would not follow their approach."). Thus, while intermediate state appellate

court decisions provide significant guidance concerning the content of state law, they are not binding on federal courts.[3]

Notably, the Michigan Court of Appeals has emphasized that the two appellate decisions relied on by Horizon here – *Cady* and *Kelynack* – are not even binding on *state* courts.  In a published decision, the Michigan Court of Appeals highlighted that because *Cady* and *Kelynack* "were decided before November 1, 1990," they are "not binding precedent" under the Michigan Court Rules. *A.S. Leavitt v. Monaco Coach Corp.*, 616 N.W.2d 175, 186 n.3 (Mich. Ct. App. 2000). *Cady* and *Kelynack* warrant careful consideration, but they do not control the resolution of the attorneys' fees issue before the Court.[4]

---

[3] There is a line of Sixth Circuit cases in which that court has said that "[d]ecisions by the Michigan Court of Appeals are binding authority where the Michigan Supreme Court has never addressed the issue decided therein."  *Montgomery v. Kraft Foods Global*, __ F.3d __, 2016 WL 2848623, at *3 (6th Cir. May 16, 2016) (quoting *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 608 (6th Cir. 2012)). But this line of cases is not consistent with the Supreme Court decisions cited above nor with the many other published Sixth Circuit decisions that expressly acknowledge the authority of federal courts to depart from decisions of intermediate state appellate courts. *See, e.g.*, *Ruth v. Bituminous Cas. Corp.*, 427 F.3d 290, 292 (6th Cir. 1970) ("[W]here the highest court of the State has not spoken, this Court is obligated to follow published intermediate state appellate court decisions *unless we are convinced that the highest state court would decide differently*." (emphasis added)).  This Court will follow the Supreme Court and the contrary published Sixth Circuit decisions.

[4] "State appellate court precedent is to be considered particularly persuasive where the [state] Supreme Court has refused to review the decision." *Lukas v. McPeak*, 730 F.3d 635, 638 (6th Cir. 2013).  The losing parties in *Cady* and *Kelynack* did

8

## III.

Horizon argues that as an aggrieved buyer it is entitled to recover attorneys'

fees as an element of the incidental and consequential damages available under

Mich. Comp. Laws §§ 440.2712 and 440.2714 (hereinafter, "Section 2712" and

"Section 2714," respectively).  (*See* Sec. Am. Compl. at ¶ 34, ECF #60 at 11, Pg.

ID 1045.)   Both Section 2712[5] and Section 2714[6] expressly incorporate the

---

not seek leave to appeal in the Michigan Supreme Court, and thus that court did
not refuse to review either decision.

[5] The full text of Section 2712 provides as follows:

(1)    After a breach within the preceding section the buyer may "cover" by
making in good faith and without reasonable delay any reasonable
purchase of or contract to purchase goods in substitution for those due
from the seller.

(2)    The buyer may recover from the seller as damages the difference
between the cost of cover and the contract price together with any
incidental or consequential damages as hereinafter defined (section
2715), but less expenses saved in consequence of the seller's breach.

(3)    Failure of the buyer to effect cover within this section does not bar
him from any other remedy.

[6] The full text of Section 2714 provides as follows:

(1)    Where the buyer has accepted goods and given notification
(subsection (3) of section 2607) he may recover as damages for any
nonconformity of tender the loss resulting in the ordinary course of
events from the seller's breach as determined in any manner which is
reasonable.

(2)    The measure of damages for breach of warranty is the difference at
the time and place of acceptance between the value of the goods
accepted and the value they would have had if they had been as
warranted, unless special circumstances show proximate damages of a
different amount.

9

definitions of "incidental" and "consequential" damages from Mich. Comp. Laws § 440.2715 ("Section 2715").  Thus, Horizon's claim for attorneys' fees turns on whether such fees qualify as such damages under Section 2715.

Section 2715 identifies the incidental and consequential damages that an aggrieved buyer may recover:

> (1)   Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.
>
> (2)   Consequential damages resulting from the seller's breach include
>
> > (a)   any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and
> >
> > (b)   injury to person or property proximately resulting from any breach of warranty.

The Court concludes that the incidental and/or consequential damages available under Section 2715 do not include an award of attorneys' fees.

---

(3)   In a proper case any incidental and consequential damages under the next section may also be recovered.

10

**A.**

The Michigan Supreme Court has repeatedly held that Michigan "follows what is sometimes called the 'American rule' regarding attorney fees." *Nemeth v. Abonmarche Dev., Inc.*, 576 N.W.2d 641, 651 (Mich. 1998) (quoting *Popma v. Auto Club Ins. Assoc.*, 521 N.W.2d 831 (Mich. 1994)). "This rule provides that attorney fees are not ordinarily recoverable unless a statute, court rule, or common law exception provides to the contrary." *Id.* Notably, the Michigan Supreme Court has "charg[ed] the [Michigan] Legislature . . . with knowledge of the American rule," and that court has declined to read a statute as deviating from the rule – and permitting an award of attorneys' fees – where the legislature did not expressly authorize such an award. *Id.* at 653. It is against this background that this Court considers whether the Michigan Supreme Court would permit an award of attorneys' fees under Section 2715.

The Michigan Supreme Court's primary goal in construing a statute is to determine and give effect to the Michigan Legislature's intent. *See Farrington v. Total Petroleum*, 501 N.W.2d 76, 79 (Mich. 1993). That court "begin[s] with the plain language of the statute," *Jesperson v. Auto Club Ins.*, __ N.W.2d __, 2016 WL 1092194, at *2 (Mich., Mar. 21, 2016), and it declines to read into a statute new or additional language that "the legislature did not see fit to incorporate."

11

*Ford Motor Co. v. Appeal Bd. of Mich. Unemp't Comp. Comm'n*, 25 N.W.2d 586, 587-88 (Mich. 1947).

The Michigan Supreme Court would place great weight on the fact that Section 2715 "is silent as to attorney fees" and that "under the literal wording of the statute's language, attorney fees are *not* included." *Olbrys*, 1996 WL 143466, at *4 (emphasis added). That court would deem the omission of any reference to attorneys' fees especially significant because, as noted above, the Michigan Legislature is aware of the American rule and "has expressly authorized [attorneys' fees in derogation of this rule] in numerous statutes." *Id*. Thus, the Michigan Supreme Court would likely conclude that the Michigan Legislature would have specifically referenced attorneys' fees in Section 2715 if it intended to make those fees available to an aggrieved buyer as incidental or consequential damages. *See id*.

Indeed, in *Nemeth*, the Michigan Supreme Court held that a plaintiff who prevailed under a statute authorizing an award of "costs . . . if the interests of justice require" could not recover attorneys' fees because the "Legislature has spoken" concerning the recoverable costs, "and it has *not* included attorney fees." *Nemeth,* 576 N.W.2d at 654. Applying that same reasoning to this case, the Michigan Supreme Court would not allow an award of attorneys' fees under

12

Section 2715 because that section does not specifically "include[] attorneys fees." *Id.*

Moreover, the Michigan Supreme Court would construe Section 2715 in light of other provisions of the Code, *cf. Sch. Dist. No. One Fractional, Ira Tp. v. Sch. Dist. No. 2 Fractional, Chesterfield Tp.*, 66 N.W.2d 72, 76, 77 (Mich. 1954) (explaining that provisions of school code "must be considered together" and the school code "construed as a whole"); *In Re Draime*, 97 N.W.2d 115, 117 (Mich. 1959) (holding that "entire provisions of the probate code must be read and construed together"), and at least two provisions of the Code "counsel *against* construing incidental damages as implicitly including attorney fees." *Olbrys*, 1996 WL 143466, at *4 (emphasis added).

First, Mich. Comp. Laws. § 440.1305(1) provides that "neither consequential or special damages nor penal damages may be had except as specifically provided in this act or by other rule of law." That section is significant because no provision of the Code nor other rule of law "specifically provide[s]" that an aggrieved buyer may recover attorneys' fees as an element of consequential damages. *Olbrys*, 1996 WL 143466, at *4.[7]

---

[7] On the page of *Olbrys* cited in text above, the Sixth Circuit cited Mich. Comp. Laws §440.1106(1), but the Code has since been re-numbered in part, and the current version of §440.1305(1) is identical to the version of §440.1106(1) cited by the Sixth Circuit. *See* Official Comment to §440.1305.

Second, Mich. Comp. Laws § 440.1103 recognizes that common law rules continue to govern commercial transactions in goods to the extent that those rules are not inconsistent with the text of the Code or with the policies underlying the Code. *Id.*[8]  That is important because, as noted above, Michigan common law does not allow an award of attorneys' fees to the prevailing party, and that common law rule may co-exist with the Code because it is not inconsistent with any Code provision or policy underlying the Code.  These two other Code provisions would further persuade the Michigan Supreme Court to hold that Section 2715 does not authorize an award of attorneys' fees.

Furthermore, the Michigan Supreme Court would likely consider decisions from the highest courts of other states interpreting provisions like Section 2715, *see, e.g.*, *Brightwell v. Fifth Third Bank of Michigan*, 790 N.W.2d 591, 596 n.29 (Mich. 2010) (looking to decision of Supreme Judicial Court of Massachusetts applying identically-worded statutory provision); *Kambas v. St. Joseph Mercy*

---

[8] In relevant part, Mich. Comp. Laws § 440.1103 provides: "[u]nless displaced by the particular provisions of this act, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions."  The Official Comment to this provision states that the Code "was drafted against the backdrop of existing bodies of law, including the common law and equity, and relies on those bodies of law to supplement its provisions in many important ways."  *Id.* at cmt. 2.  The Official Comment further notes that the Code preempts only those common law rules "that are inconsistent with either [the Code's] provisions or its purposes and policies." *Id.*

14

*Hospital of Detroit*, 205 N.W.2d 431, 434 (Mich. 1973) (looking to decision of Ohio Supreme Court interpreting similar statute), and the majority of these decisions "have found that attorney fees are not included as incidental damages." *Olbrys*, 1996 WL 143466, at \*5 (citing *Jacobs v. Rosemount Dodge-Winnebago South*, 31 N.W.2d 71, 79 (Minn. 1981), *Devore v. Bostrom*, 632 P.2d 832, 835 (Utah 1981), *Murray v. Holiday Rambler, Inc.*, 265 N.W.2d 513, 527-28 (Wisc. 1978), and *Jelen & Son, Inc. v. Bandimere*, 801 P.2d 1182, 1185 (Colo. 1990) (en banc) (holding attorney fees are not an element of incidental damages under Colorado's version of Section 2715)).  Indeed, the "overwhelming weight of authority is that attorney's fees are not recoverable under Uniform Commercial Code 2-715." *Nick's Auto Sales,* 591 S.W.2d at 711; *see also* Howard O. Hunter, *Modern Law of Contracts* § 18:5 (March 2016 update) ("weight of authority clearly" holds that attorneys' fees are not available to an aggrieved buyer as an element of incidental or consequential damages); 24 *Williston on Contracts* § 66:67 (4th ed.) (under the "majority view," attorneys' fees are not available to an aggrieved buyer as consequential damages).  There is no persuasive reason to believe that the Michigan Supreme Court would deviate from this "overwhelming weight of authority."

In sum, the substantial "available data" described above leads this Court to conclude – like the Sixth and Tenth Circuits – that the Michigan Supreme Court

would not permit an aggrieved buyer to recover attorneys' fees as incidental or consequential damages under Section 2715. *See Olbrys, supra; Webco Indus., supra*.

## B.

In two published decisions – *Cady* and *Kelynack* – the Michigan Court of Appeals has affirmed an award of attorneys' fees under Section 2715. *Cady* is the leading decision; *Kelynack* simply follows *Cady* without any independent analysis of the attorneys' fees issue.  Horizon contends that the Michigan Supreme Court would follow these decisions.  The Court disagrees.

The court in *Cady* decided to allow an award of attorneys' fees under Section 2715 because it had previously allowed an award of attorneys' fees under a statute allowing a plaintiff to recover its "costs . . . if the interests of justice require":

> In the present case the trial court stated, "(t)he Court does feel that under these circumstances that not just the attorney fees that we usually grant of $150.00 but the actual attorney fee is proper in the sum of $2,930.00".  Plaintiff maintains that he is entitled to recover the attorneys' fees based upon the Michigan Uniform Commercial Code which allows the recovery of consequential damages.[]   M.C.L. [§§] 440.2714, 440.2715; M.S.A.  [§§]  19.2714,  19.2715.    We  have  found  no interpretation of this statute by any appellate court in this state which squarely resolves this issue.
>
> M.C.L. [§] 440.2714(3); M.S.A. [§] 19.2714(3) provides that, "(i)n a proper case any incidental and consequential damages under the next section may also be recovered".

16

M.C.L. [§] 440.2715; M.S.A. [§] 19.2715 provides in part:

> "(1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, and commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach." []

> This Court in *Taxpayers & Citizens in the Public Interest v. Dept. of State Highways*, 70 Mich. App. 385, 245 N.W.2d 761 (1976), and *Superior Public Rights, Inc. v. Dept. of Natural Resources*, 80 Mich. App. 72, 263 N.W.2d 290 (1977), held that under section 3(3) of the Environmental Protection Act, M.C.L. [§] 691.1203(3); M.S.A. [§] 14.528(203)(3), the clause '(c)osts may be apportioned to the parties if the interests of justice require' gave the trial judge the right to exercise his discretion to grant attorneys' fees.

> Similarly, we find that the language of M.C.L. [§§] 440.2714, 440.2715; M.S.A. [§§] 19.2714, 19.2715, confers on the trial court discretion to award attorneys' fees as an element of the damages incurred as a result of a breach of warranty. Under the facts of this case, the trial court's exercise of its discretion to award attorneys' fees as a "reasonable expense incident to the breach" was proper.

*Cady,* 299 N.W.2d at 71-72.

The Michigan Supreme Court has effectively rejected both the *Cady* court's rationale and the key decisions on which that court relied. *See Webco Indust.*, 278 F.3d at 1133 (acknowledging rejection). Indeed, as described above, in *Nemeth*, the Michigan Supreme Court held that a trial court could *not* award attorneys' fees under a statute that authorized an award of "costs" if "the interests of justice

17

require." *Nemeth*, 576 N.W.2d at 651, 654. That holding is directly contrary to the rationale of *Cady* and the precedent on which it relied.

*Nemeth* also undermines *Cady* in another significant respect. One of the key decisions relied upon by the court in *Cady* – the *Taxpayers & Citizens* case – permitted an award of attorneys' fees based, in part, on the conclusion that the plaintiffs and attorneys who prevailed under the statute in that case performed something of a public service. *See Taxpayers & Citizens*, 245 N.W.2d at 762-63. But *Nemeth* rejected this line of reasoning too. The Michigan Supreme Court held that the public service nature of attorney representation is not sufficient to justify an award of statutory attorneys' fees. *See Nemeth*, 576 N.W.2d at 652-53. Given that Michigan Supreme Court has effectively rejected the decisions that form the foundation of *Cady*, this Court does not believe that that court would follow or adopt *Cady* or *Kelynack*.

The Michigan Supreme Court is also unlikely to adopt *Cady* and *Kelynack* because those decisions have been soundly rejected by several other courts. Federal and state courts alike – including the Sixth Circuit,[9] the Tenth Circuit,[10] and the Indiana Court of Appeals[11] – have declined to follow *Cady*. In addition,

---

[9] *See Olbrys*, *supra*.

[10] *See Webco Indus.*, *supra*.

[11] *See Indiana Glass Co. v. Indiana Michigan Power Co.*, 692 N.E.2d 886, 888 n.2 (Ind. Ct. App. 1998).

18

the Texas Supreme Court has refused to follow *Kelynack*.[12]   The Court is not persuaded that the Michigan Supreme Court would deviate from this consistent rejection of *Cady* and *Kelynack*.

Finally, Horizon argues that the Michigan Supreme Court would follow *Cady* and *Kelynack* because the Michigan Court of Appeals cited those decisions with approval even after the Sixth Circuit and Tenth Circuit disagreed with them. (*See* Pl.'s Mot. Summ. J. at 17, ECF #65 at 25, Pg. ID 1267, citing *Elm Plating Co. v. J Mark Sys., Inc.*, 2003 WL 21419276 (Mich. Ct. App. June 19, 2003)).   But there is no indication that either party in *Elm Plating* informed the Michigan Court of Appeals that *Cady* and *Kelynack* had been rejected by other courts; the Michigan Court of Appeals appears to have *assumed* the continuing vitality of those decisions.   Moreover, the Court of Appeals in *Elm Plating* affirmed the *denial* of attorneys' fees, and thus it had no need to reconsider whether the trial court could have awarded attorneys' fees if it felt such an award would have been appropriate.   The Court does not share Horizon's views that *Elm Plating* reaffirmed *Cady* and *Kelynack* and/or evidences that the Michigan Supreme Court would adopt those decisions.

---

[12] *See Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 59-60 (Tex. 2008) (citing *Kelynack* for proposition that some courts have allowed an award of attorneys' fees under the Uniform Commercial Code, but declining to follow that approach and holding, instead, that such fees are available to an aggrieved buyer only if authorized by a statute outside of the Code).

## IV.

For the reasons explained above, this Court (1) **GRANTS** CKI's motion for summary judgment (ECF #64) to the extent that it seeks dismissal of Horizon's claim for attorneys' fees, and (2) **DENIES** Horizon's motion for summary judgment (ECF #65) to the extent that it sought entry of an order allowing it to recover attorneys' fees if it prevailed at trial.

The Court **DIRECTS** the parties to appear for a settlement conference before the Honorable Bernard A. Friedman, United States District Judge, at a date and time set by Judge Friedman. In the event that the parties do not resolve this action through participation in the settlement conference, the Court will schedule a hearing on the remainder of the issues raised in the cross-motions for summary judgment.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 24, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 24, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

20